Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for the Debtor*
399 Knollwood Road, Suite 205
(914) 600-5502 / (914) 600-5544
todd@cushnerlegal.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| MARY ANN COLLINS, | CASE NO. 17-23700 (RDD) |
| DEBTOR | |

-----------------------------------------------------------X

**MOTION AND AFFIRMATION WITH POINTS OF LAW IN SUPPORT OF MOTION VOIDING LIEN PURSUANT TO 11 U.S.C. §§ 506(a), 506(d) AND OBJECTION TO CLAIM PURSUANT TO 11 U.S.C. § 502(a)(1) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 3007 AND 3012**

**TO: THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY COURT**

Todd S. Cushner, Esq., duly admitted to practice law before this Court, affirms upon information and belief:

1. On November 6, 2017, (the "Petition Date") the debtor Mary Ann Collins, (the "Debtor") filed a Petition for Reorganization under Chapter 13 of the Bankruptcy Code.

2. Prior to the Petition Date, the Debtor owned and continues to own her residence located at Amherst Drive, Yonkers, New York 10710, (the "Residence") and identified in the tax records of Westchester County as Section 4.0, Block 4391, Lot 14.

3. On the Petition Date, the Residence was encumbered by a first mortgage lien held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust serviced by Caliber Home Loans, Inc. ("U.S. Bank") pursuant to note dated April 18, 1996 in the original principal amount of $135,000.00 secured by a mortgage dated April 18, 1996 recorded in the Westchester County Clerk's Office on May 29, 1996 at Liber 21624 Page 137 (the "First Mortgage Lien").

4. On about March 22, 2018, U.S. Bank filed a proof of claim as a secured claim, Claim No. 7, in this Court's Claims Register in the amount of $180,476.33. (See Claim No. 7 in this Court's Claims Register).

5. On the Petition Date, the Residence was encumbered by a second mortgage lien held by Wells Fargo Bank, N.A. ("Wells Fargo") pursuant to note dated September 30, 2006 in the original principal amount of $253,230.00 secured by a mortgage dated September 30, 2006 recorded in the Westchester County Clerk's Office on December 28, 2006 at Control No. 463050122.

6. On December 1, 2017, Wells Fargo filed a proof of claim as a secured claim, Claim No. 3 in this Court's Claims Register in the amount of $231,798.73. (See Claim No. 3 in this Court's Claims Register).

7. On the Petition Date, the Residence was encumbered by a third mortgage lien held by Citizens Bank, N.A. ("Citizens") pursuant to note dated February 24, 2009 in the original principal amount of $200,000.00 secured by a mortgage dated February 24, 2009 recorded in the Westchester County Clerk's Office on March 19, 2009 at Control No. 490720331.

8. On November 20, 2017, Citizens filed a proof of claim as a secured claim, Claim No. 2 in this Court's Claims Register in the amount of $196,452.93. (Annexed hereto as **Exhibit "A"** is a copy of Claim No. 2).

9. On November 5, 2017, Richard L. Halverson, Jr., a licensed New York State Residential Real Estate Appraiser, License #47000049230 conducted a full interior and exterior appraisal of the Residence and determined that the fair market value of the Property is $375,000.00 (the "Appraisal"). (Annexed hereto as **Exhibit "B"** is a copy of said Appraisal).

## THE THIRD MORTGAGE LIEN HELD BY CITIZENS BANK, N.A. AGAINST THE DEBTOR'S RESIDENCE HAS A SECURED VALUE OF ZERO AND SHOULD BE DISALLOWED, DECLARED VOID AND RECLASSIFIED AS <u>A GENERAL UNSECURED NON-PRIORITY CLAIM</u>

10. Citizens Bank, N.A. is the holder of a claim pursuant to 11 U.S.C. § 502, however, pursuant 11 U.S.C. § 506(a) said claim is not secured. Therefore, Chase's claim, Claim No. 2, may be disallowed and declared void pursuant to 11 U.S.C. § 506(d), and may be treated as a general unsecured non-priority claim whose rights may be modified by the debtor's chapter 13 plan pursuant to 11 U.S.C. § 1322(b). *In re Pond*, 252 F.3d 122 (2nd Cir. 2001); *In re Edwards*, 245 B.R. 917 (Bankr. S.D. Ga. 2000); *In re Plouffe*, 157 B.R. 198 (Bankr. D. Conn. 1993); *In re Hornes*, 160 B.R. 709 (Bankr. D. Conn. 1993); *In re Sette*, 164 B.R. 453 (Bankr. E.D.N.Y. 1994); *In re Woodhouse*, 172 B.R. 1 (Bankr. W.D. Okl. 1993); *In re Williams*, 161 B.R. 27 (Bankr. E.D. Ky. 1993); and *In re Moncrief*, 163 BR 492 (Bankr. ED Ky. 1993); *Wright v Commercial Credit Corp.*, 178 BR 703 (E.D. Va. 1995); *Castellanos v PNC Bank, Nat'l Ass'n (In re Castellanos)*, 178 BR 393 (Bankr. M.D. Pa. 1994); *In re Mitchell*, 177 BR 900 (Bankr. E.D. Mo. 1994); *In re Lee*, 177 BR 715 (Bankr. N.D. Ala. 1995); and *In re Cervelli*, 213 BR 900 (Bankr. D.N.J. 1997).

11. Pursuant to 11 U.S.C. §§ 506(a) and 506(d), the Debtor may void the second mortgage lien against her residence.

12. Section 506(a) of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>") provides, in pertinent part:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim . . .

3

13. Section 506(d) of the Bankruptcy Code provides, in relevant part:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . .

12. On the Petition Date, the Residence was encumbered by a first mortgage lien held by U.S. Bank in the sum of approximately $180,476.33 and a second mortgage lien held by Wells Fargo in the sum of approximately $231,798.73.

13. According to the Appraisal, U.S. Bank's interest in the estate's interest in the property secured by such lien is $375,000.00. By reason of the foregoing, it should be determined that the value of the secured claim held U.S. Bank is $180,476.33

14. According to the Appraisal, Wells Fargo's interest in the estate's interest in the property secured by such lien is $375,000.00. By reason of the foregoing it should be determined that the value of the secured claim held by Wells Fargo is $231,798.73.

15. At the time of the filing of the petition, the residence was encumbered by a third mortgage lien held by Citizen in the total sum of $196,452.93.

16. By reason of the foregoing and in accordance with the Appraisal, the value of Citizens Bank's interest in the estate's interest in the property secured by such lien is ZERO. By reason of the foregoing, the lien securing said claim should be disallowed and declared void.

## CLAIM NO. 2 FILED BY CITIZENS BANK, N.A.

17. The debtor has examined into Claim No. 2 filed by Citizens, as a secured claim in the sum of $196,452.93.

18. Therefore, Citizens Bank's third mortgage lien, Claim No. 2, should be disallowed, declared void and reclassified as a general unsecured claim. *In re Pond*, 252 F.3d 122, 127 (2nd Cir. 2001); *see also, McDonald,* 205 F.3d at 611; *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee),* 212 F.3d 277 (5th Cir.2000); *Tanner v. FirstPlus Fin., Inc. (In*

4

re Tanner), 217 F.3d 1357 (11th Cir.2000); *Domestic Bank,* 249 B.R. at 838; *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36 (9th Cir. B.A.P. 1997), appeal dismissed on other grounds, 192 F.3d 1309 (9th Cir. 1999). *But cf. American Gen. Finance, Inc. v. Dickerson (In re Dickerson),* 222 F.3d 924, 926 (11th Cir.2000) (explaining that, if the panel were to decide the issue on a clean slate, it would adopt the minority view, but that it was bound by the majority view because the Circuit had already adopted this view).

19. Citizens claim, Claim No. 2, represents the third mortgage lien on the Debtor's residence which may be voided under 11 U.S.C. §§ 506(a) and 506(d), the Debtor respectfully requests that this claim be **reclassified** as a general unsecured non-priority claim.

**WHEREFORE,** it is respectfully requested that the lien held by Citizens against the Debtor's residence, Claim No. 2, be valued at zero, be disallowed, declared void and that same being **reclassified** as a general unsecured claim in the sum of $196,452.93, and that the debtor be granted such other and further relief as to the Court may seem just and proper.

Dated: White Plains, New York
October 17, 2018

Respectfully submitted,

By: */s/ Todd S. Cushner*
Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Debtor*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
todd@cushnerlegal.com